IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DAVID ALLENSWORTH,

    Plaintiff,

v.

ICAMCO, INC.
a Florida profit corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, DAVID ALLENSWORTH ("Allensworth"), by and through his undersigned attorney, hereby files this lawsuit against Defendant, ICAMCO, INC., a Florida profit corporation, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"), for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff ALLENSWORTH is a resident of Monroe County, Florida.

5. Defendant ICAMCO, INC. is a corporation registered with the State of Florida with a principal place of business at 3438 Duck Avenue, Unit 1, Key West, Florida 33040.

6. This cause of action arose in Monroe County, Florida.

7. Monroe County, Florida is proper venue for this action because Plaintiff resides in Monroe County and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Monroe County, Florida.

8. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

9. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COMMON ALLEGATIONS

12. Plaintiff was employed with Defendant in the preceding three years.

13. Plaintiff's position was maintenance. At all times he was non-exempt.

14. Plaintiff regularly worked over forty (40) hours in a given work week.

15. Defendant failed to pay Plaintiff the mandatory wages as required under federal law.

16. Defendant failed to pay Plaintiff overtime as required by federal law.

17. Plaintiff is a non-exempt employee under the FLSA.

18. Plaintiff's job duties were such that he himself was individually engaged in commerce.

19. During Plaintiff's employment he was not paid for all hours work.

20. Plaintiff was not paid his overtime rate for hours over forty (40).

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 20 and incorporates the same as set forth fully herein.

21. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

22. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

23. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

24. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

25. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

26. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

27. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

29. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime,

liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 30th day of June 2020.

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Cathleen Scott
> Cathleen Scott, Esq.
> Florida Bar Number 135331
> Primary e-mail: CScott@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> Secondary Address: 101 Northpoint Parkway
> West Palm Beach, FL 33407
> www.ScottWagnerLaw.com